■ In the Matter of RYNARD GUNDRUM, on Behalf of INGRID GUNDRUM, Respondent, v GORDON M. AMBACH, as Commissioner of Education, et al., Appellants. — Appeals from a judgment of the Supreme Court at Special Term (Kahn, J.), entered December 8, 1980, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Children living over certain distances from the school they attend are entitled to receive transportation "up to a distance of fifteen miles, the distances in each case being measured by the nearest available route from home to school," but school districts are not required to provide such transportation "directly to or from [the child's] home" (Education Law, § 3635, subd 1). Here, the respondent school district found petitioner's daughter ineligible for this service, and its position was later upheld by respondent Commissioner of Education, because the distance between the Elmgrove Avenue entrance to the private school she attended and the driveway leading to her residence is in excess of 15 miles. However, Special Term agreed with petitioner's contention that the district's selection of his residential driveway as a measuring point was arbitrary and granted his application for relief in this article 78 proceeding. The instant appeals ensued. Since the nearest available route of travel to be used in determining the statutory distance was not disputed, the only issue of substance in this matter concerned the location of appropriate terminals. Although petitioner urged the designation of a school entrance along Pinewoods Avenue, that alternative was not definitely proven to be a common or usable point of entry for students and, in any event, nothing inconsistent or unreasonable was shown in the district's choice of the Elmgrove Avenue entrance. At the other extremity, petitioner demonstrated that he operated a lumber mill on the same tract of land where his dwelling is sited and that previously his children had been conveyed to and from a school bus stop in front of the mill. Inasmuch as the district admitted this practice and did not contest petitioner's further assertion that the distance from the mill to both school entrances was within the 15-mile limit, Special Term was correct in its ruling. While students need not be transported to their residences, thus

implicitly authorizing the establishment of bus stops, under the circumstances of this case it was arbitrary and capricious on the part of the district to adopt a measuring point for eligibility purposes which did not match its prior recognition of petitioner's lumber mill as a home terminal. Judgment affirmed, with costs. Kane, J.P., Main and Mikoll, JJ., concur.

Yesawich, Jr., and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). Petitioner's request of the board of education to furnish his daughter with transportation to a nonpublic school was denied because the distance between his residence and the school exceeded 15 miles, the maximum statutory distance for which transportation need be provided (Education Law, § 3635). Since we believe there to be a reasonable basis for that determination, we would reverse Special Term and dismiss the petition. In matters of this sort, a board of education is to be accorded considerable discretion. As a consequence, unless it clearly appears that the board's measurement was arrived at irrationally or was prompted by animus, it should be sustained. Here there is no showing that it was not the board's policy, when determining entitlement to transportation, to calculate distances from the driveway of the student's home. Using residence driveways as a terminus is certainly reasonable. That there is a school bus stop about one tenth of a mile nearer the school, located at a lumber mill on petitioner's property, is of no real significance, for the statutory formula is not geared to bus stops, which obviously can be altered, but to the student's residence. Nor is there any showing that the board acted inconsistently, or in my judgment arbitrarily, when it elected to measure the distance to the school's Elmgrove Avenue entrance, the nearest accessible school gate, rather than to the Pinewoods Avenue gate. Although the Pinewoods Avenue gate was closer to petitioner's residence, it was chained and displayed a sign directing use of the Elmgrove Avenue entrance. An even more compelling reason for upholding the board's determination is the fact that there is evidence in the record from the superintendent of schools that the distance from petitioner's residence to each of the entrances, measured by three different vehicles, exceeded 15 miles. Although petitioner challenges the accuracy of those measurements, they do provide ample justification for respondents' determination.